UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY A. WILSON and <br> CARRIE E. WILSON, <br>     Plaintiffs, <br><br> v. <br><br> HSBC MORTGAGE SERVICES, INC., <br>     Defendant. | Civil Action No. 4:12-cv-10596-TSH |

## ORDER RE: DEFENDANT'S MOTION TO DISMISS (Docket No. 5)
### September 13, 2012

**HILLMAN, D.J.,**

This action comes to this court after timely removal from the Land Court Department of the Massachusetts Trial Court pursuant to 28 U.S.C. § 1446(b) (Docket No. 1). Mortgagors, Timothy S. Wilson and Carrie E. Wilson ("Plaintiffs") have filed suit against Mortgagee, HSBC Mortgage Services, Inc. ("Defendant"), alleging multiple causes of actions arising from Defendant's foreclosure of their residence located at 15 Chesterfield Road, Northborough, Massachusetts. The Complaint contains eight counts: Counts I-VI rest upon the assumption that the mortgage assignment to the Defendant from its predecessor in interest was invalid; Count VII alleges a failure to comply with a Consent Order entered into between Defendant and the Office of the Comptroller of the Currency ("OCC"); and Count VIII seeks injunctive relief (Docket No. 4). Under Fed. R. Civ. P. 12(b)(6), Defendant has moved to dismiss all counts for failure to state a claim upon which relief can be granted (Docket No. 5). This motion is unopposed by Plaintiffs.

Defendant's motion is granted as to Counts I-VI because Plaintiffs lack standing to challenge the validity of the mortgage assignment to Defendant since they were not a party to

that transaction. The justiciability doctrine of standing requires plaintiffs to demonstrate that: (1) they have an "injury in fact;" (2) there exists a "causal connection between the claimed injury and challenged conduct;" and (3) redressability. *Duke Power Co. v. Carolina Env't Study Grp.*, 438 U.S. 59, 72, 75 n.20, 98 S. Ct. 2620, 2630-31 (1978). It is the prevailing view within this District that parties cannot challenge mortgage assignments to which they were neither a party nor a third-party beneficiary. *See, e.g.*, *McBride v. Am. Home Mortg. Servicing, Inc.*, No. 11-10998-RWZ, 2012 WL 931247, at *2-3 (D. Mass. Mar. 19, 2012); *Oum v. Wells Fargo, N.A.*, Nos. 11-11663-RGS, 11-11683-RGS, 2012 WL 390271, at *2-4 (D. Mass. Feb. 8, 2012); *Wenzel v. Sand Canyon Corp.*, No. 11-30211-JCB, 2012 WL 219371, at *10-11 (D. Mass. Jan. 5, 2012); *Juarez v. U.S. Bank Nat'l Ass'n*, No. 11-10318-DJC, 2011 WL 5330465, at *4 (D. Mass. Nov. 4, 2011); *Peterson v. GMAC Mortg., LLC*, No. 11-11115-RWZ, 2011 WL 5075613, at *2 (D. Mass. Oct. 25, 2011); *Kiah v. Aurora Loan Servs., LLC*, No. 10-40161-FDS, 2011 WL 841282, at *6 (D. Mass. Mar. 4, 2011). Further, as it relates Count II, the allegation of fraud, Defendant's motion is granted because Plaintiff has failed to plead this Count with the factual specificity requisite under Fed. R. Civ. P. 9(b).

Defendant's motion is also granted as to Count VII which asserts a cause of action under the equitable doctrine of promissory estoppel involving the alleged loan modification between Plaintiff and Defendant. This Count fails to proffer even the basic elements of promissory estoppel, most notably some sort of promise and detrimental reliance. *See Carroll v. Xerox Corp.*, 294 F.3d 231, 242 (1st Cir. 2002) ("[U]nder Massachusetts law, a plaintiff must allege that (1) a promisor makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of

the promise.") (internal quotations omitted). In fact, this count is a veiled attempt to assert a private right of action under procedures set forth by the Home Affordable Modification Program ("HAMP"). The majority of jurisdictions across the country have held that there is not a private right of action under HAMP. *Okoye v. Bank of N.Y. Mellon*, No. 10-11563-DPW, 2011 WL 3269686, at *7 n.10 (D. Mass. July 28, 2011). Moreover, in a similar vein to the standing issue Plaintiffs do not have standing to sue on contracts between Defendant and the government because they are incidental beneficiaries, not third-party beneficiaries. *See McBride*, 2012 WL 931247, at *3; *Zendejas v. GMAC Wholesale Mortg. Corp.*, No. 10-cv-00184-OWW-GSA, 2010 WL 2490975, at *3 (E.D. Cal. June 16, 2010) ("Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary.").

Finally, Defendant's motion is granted as to Count VIII, seeking injunctive relief, because it is merely a remedial measure disguised as a cause of action which would only be relevant if this Court held in Plaintiffs' favor on any of the previous counts enumerated herein.

In conclusion, Defendant's Motion to Dismiss is **GRANTED** as to all counts.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**United States District Judge**